IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. GREEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  07-2640 |
| | : | |
| DR. DONALD C. WINTER, | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                               December 19, 2008

        Presently before this Court is Defendant Dr. Donald C. Winter's Motion to Dismiss Complaint and/or for Summary Judgment.  For the reasons discussed below, Defendant's Motion to Dismiss is granted.

**I. PROCEDURAL BACKGROUND**

        On November 9, 2007, Defendant filed a Motion to Dismiss Complaint and/or for Summary Judgment.  (Doc. Nos. 11 & 12.)  On September 19, 2008, this Court granted Defendants Motion due to Plaintiff's failure "to respond to defendant's motion to dismiss and/or for summary judgment (Doc. No. 12)."  (Doc. No. 26.)   The Order noted that Local Rule 7.1(g) provides for filing of Motions for Reconsideration "within ten days after entry of judgment." (Id.)

        On October 2, 2008, Plaintiff filed a Motion for Reconsideration.  (Doc. No. 27.) This Court granted Plaintiff's Motion for Reconsideration, and provided that "defendant is granted leave to file its reply brief to plaintiff's opposition on or before October 30, 2008."  (Doc.

No. 29.) Defendant filed a Response Motion on October 30, 2008, and Plaintiff filed a Reply in Opposition to Defendant's Motion on November 5, 2008. (Doc. Nos. 30 & 31.)

## II. FACTUAL BACKGROUND

Plaintiff states in his Complaint, filed on June 23, 2007, that he "submitted employment application for Department of Navy accounting position (GS-12 Supervisor Accountant, PHL-OC-0024) on 9-3-2003, but the Navy refuse to acknowledge or accept plaintiff application, due to plaintiff race/ color/ sex/ reprisal, etc; agency actions caused plaintiff to suffer employment discrimination." (Doc. No. 1.)

Plaintiff's allegations arise from not being considered for an accounting position posted by his then employer, the United States Navy, at his place of employment: the Naval Inventory Control Point in Philadelphia, Pennsylvania. Plaintiff alleges that he was not considered due to discrimination caused by his race (African-American), national origin (Afro-American), color (black), sex (male), religion (Christian), and age (D.O.B. 10/26/1962).[1] (Id., Ex. 1.) Plaintiff also asserts a due process claim. (Id., Ex. 1.) ("The agency injured me, and they are trying to deny me due process!") Defendant avers that Plaintiff was not considered for the accounting position, as his resume, which he submitted electronically, expired nine months prior to the posting of the position in question. (Def.'s Mot. to Dismiss 3.)

---

1. Plaintiff's age claim is one of reverse discrimination, as the individual selected was older than him. Both Plaintiff and the selected individual are older than 40. This Court will not address Plaintiff's age discrimination claim, other than to note that it is dismissed, as this Court has previously addressed this exact same issue in a prior discrimination suit filed by Plaintiff against the Department of the Navy. See Green v. England, Civ. A. No. 05-5411, 2006 WL 891185, at *1 (E.D. Pa. Apr. 6, 2006) ("Dismissing Plaintiff's age discrimination claim that defendant discriminated against him by favoring employees older than as the Supreme Court in General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581 (2004) foreclosed such an action under the ADEA.").
.

Plaintiff uploaded his resume onto a computer human resources system used by the Naval Inventory Control Point on January 25, 2002. (Id.) This system has a one year resume policy and, as a result, Plaintiff's resume expired on January 25, 2003. (Id.) On September 6, 2003, Plaintiff sought to use his January 25, 2002, resume to apply for Vacancy Announcement PHL-OC-04-0024, but because his "resume had expired, his application was not considered for the supervisory accountant position." (Id. at 4.)

During a Department of Defense On Site Investigation into his allegations, Plaintiff stated that he learned, in December 2003, that another person had been selected for position PHL-OC-04-0024. (Id., Ex. 3, Department of Defense, Office of Complaint Investigation, On Site Investigation In the Matter of David L. Green ("On Site Investigation") 19:4-18.) In January 2003, a co-worker asked Plaintiff if he had applied for the position, as she had heard that "there was no one African American on the list at all, that was considered for the job." (Id., Ex. 3 On Site Investigation 20:13-24, 22:9-13.)

Plaintiff emailed Michelle Ferrante, on January 20, 2004, inquiring why he was not selected. On February 20, 2004, he contacted Celeste Washington an Equal Employment Opportunity ("EEO") Specialist, as he had not heard back from Ms. Ferrante. (Id. at 4.) In a Declaration dated October 29, 2008, Ms. Washington asserts that "on February 20, 2004, Mr. Green contacted me, regarding not receiving a response from the staffing division of Human Resources about his resume." (Def.'s Rep. Mot., Ex. C ¶ 3.) Ms. Washington asked Plaintiff if he wanted EEO counseling, to which he replied "[n]o, I'm trying to get a someone in staffing regarding my resume and chart." (Id. at ¶ 4.) Ms. Washington states that she twice offered to help Plaintiff file an EEO Complaint, which he declined each time. (Id. at ¶ 5.)

On March 12, 2004, Virginia Calabrese, a Supervisory Human Resource Specialist, explained to Plaintiff that his resume had expired on January 25, 2003. (Id.) On April 2, 2004, Plaintiff met with Rachel Green, a Navy EEO Counselor, to discuss his resume expiration and subsequent non-selection for the supervisory position. (Id.) Plaintiff filed a Formal Complaint of Discrimination on May 18, 2004, postmarked May 19, 2004, and received by the Navy EEO on May 24, 2004. (Pl.'s Compl., Ex. 1.)

On October 28, 2004, The Department of Defense's Office of Complaint Investigation conducted an on site examination of Plaintiff's complaints, during which Plaintiff described his concerns in detail. (Def.'s Mot. to Dismiss, Ex. 3.) On January 26, 2006, an Administrative Judge at the United States Equal Employment Opportunity Commission ("EEOC") issued a decision finding no discrimination. On February 28, 2006, the Department of Navy issued a Final Order noting that the Administrative Judge issued a finding of "no discrimination" and held "[s]ince you are not a prevailing party you are not entitled to payment of attorney's fees, costs, or compensatory damages." (Id., Ex. 4.) This Final Order noted that "[y]ou may file a Notice of Appeal with the Equal Employment Opportunity Commission at any time up to thirty (30) calendar days after receipt of this Final Order." (Id.) The Navy's Final Order was mailed on March 2, 2006, and provided five days for arrival by mail. In order to be timely, Plaintiff EEOC appeal was to have been filed by April 5, 2006. Plaintiff filed his appeal on April 12, 2006, noting that his "letter is my official notice requesting the Equal Employment Opportunity Commission that I'm appealing the decision of the EEOC Administrative Judge for my case. Therefore, I do not agree with agency or Administrative Judge." (Id., Ex. 5.)

On September 8, 2006, the EEOC affirmed the Department of Navy's Final Order and Decision, and on March 20, 2007, denied Plaintiff's motion for reconsideration. (Id. at 5.) Plaintiff filed his Complaint in the Eastern District of Pennsylvania on June 26, 2006.

## III.   LEGAL BACKGROUND

### 1.   Motion to Dismiss

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005). The Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, altered the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). 550 U.S. 544 (2007); see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In construing the Rule 12(b)(6) standard generally, the Court provides that the plaintiff must provide more than a formulaic recitation of a claim's elements amounting to mere labels and conclusions. Twombly, 127 S. Ct. at 1964-65. Additionally, the Court held that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit has held that this language in Twombly applies generally to all motions brought under Rule 12(b)(6). Phillips, 515 F.3d at 232.

The question before the court is not whether the plaintiff will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355

5

U.S. 41, 45-46 (1957)).  When considering such a motion to dismiss, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party."  Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989).  Notably, though, the court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

However, if "matters outside the pleadings are presented to . . . the court, the motion shall be treated as one for summary judgment."  FED. R. CIV. P. 12(c).  To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 138 (3d Cir. 2001).  "A 'genuine' issue is one where a reasonable jury, based on the evidence presented, could hold in the movant's favor with regard to that issue."  Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3d Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  When considering a motion for summary judgment, all evidence must be reviewed and all inferences drawn therefrom must be in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party files a properly supported motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact.  FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 256.  "The mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."  Id. at 252.  Conclusory statements and arguments do not

raise triable issues which preclude summary judgment. Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 252 (3d Cir. 1999). The nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257 (citation omitted). If the opponent fails to make a sufficient showing regarding an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986).

### 2. Title VI Claim of Discrimination

Federal employees who believe that they were subject to discriminatory personnel actions must first comply with the administrative procedural demands of Title VII before initiating a civil action alleging employment discrimination. Brown v. Gen. Srvs. Admin., 425 U.S. 820, 832 (1976); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1995). Under EEOC regulations, "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). The complaining party "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105. Thereafter, "[u]nless the aggrieved person agrees to a longer counseling period . . . the Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling." 29 C.F.R. § 1614.105(d). Then, "[i]f the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint. The

notice shall inform the complainant of the right to file a discrimination complaint within 15 days of the receipt of the notice." Id. Agencies are required to dismiss an entire complaint "[t]hat fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c)." 29 C.F.R. § 1614.107(a)(2).

## IV. ANALYSIS

Plaintiff's Complaint provides little more than a bare statement that he was discriminated against because of his "race/ color/ sex/ reprisal, etc." (Compl. 1.) Fortunately, his Formal Complaint of Discrimination, attached as an exhibit to his Complaint, and his Reply in Opposition to Defendant's Motion (Doc. No. 31) provide greater details regarding his allegations. Plaintiff asserts that Defendant "had problems with resumix/builder system/ this chart system" but did not inform him that there was any problem with his resume submission. (Compl., Ex. 1.) Plaintiff asserts that he was not provided with the information "needed in order to determine if his non selection for the supervisory position was or not an act of discrimination against him." (Pl.'s Rep. Br. 3.) From February 20, 2004 to April 2, 2004, he had "no supporting evidence that the HR gave to the Plaintiff enough informations for his non-selection to supervisory position." (Id.) Given the lack of a response, he contacted an EEO Counselor to learn more about the hiring decision. (Id.) According to Plaintiff, the fact that the EEO Counselor did not contact him with the information he sought "precludes the agency from claiming statue of limitation. That's why the Formal Complaint of Discrimination should be considered to have been timely filed on May 24, 2004." (Id.)

Given the Department of Navy's delays in providing Plaintiff with the "necessary information" Plaintiff seeks reinstatement of his case so that he may "seek redress by going to

trial." (Id.) Plaintiff, while a *pro se* litigant, is no stranger to litigating under Title VII. He has twice appeared before this Court with similar suits alleging discrimination on the part of the Department of the Navy. Both of Plaintiff's prior suits were dismissed with prejudice.[2] Plaintiff's three lawsuits involved filing numerous motions for appointment of counsel as well as motions for reconsideration.[3] In fact, it was Plaintiff's successful Motion for Reconsideration that led this Court to reconsider its prior grant of Defendant's Motion to Dismiss.

### A.  Plaintiff's Failure to Contact a Counselor Within 45 Days of the Occurrence of the Alleged Discriminatory Action

Plaintiff is familiar with the process and procedures required of federal employees who believe that they have been the victims of improper workplace discrimination. The Regulations are clear

> [a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter. An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action.

---

2. Plaintiffs first Complaint against the Department of Navy was filed on August 25, 2004. (Complaint, Green v. England, Civ. A. No. 04-4049, E.D. Pa. Aug. 25, 2004.) The Complaint claimed that Plaintiff was denied promotion due to "previous EEO involvement, my race, sex, color, age (re-verse age discrimination), national origin, religion (Christianity – follower of Jesus Christ), and reprisal." (Id.) Plaintiff's Complaint was dismissed with prejudice on November 30, 2004, for failure to state a claim. (Order, Green v. England, Civ. A. No. 04-4049, E.D. Pa. Nov. 30, 2004.) Plaintiff's Second Complaint against the Navy was filed on October 17, 2005, and asserted "continue reprisal, harassment since 1993 to today for corroborating with Navy IG investigation." (Complaint, Green v. England, Civ. A. No. 05-5411, E.D. Pa. Oct. 17, 2005.) This Complaint was similarly dismissed with prejudice on April 6, 2006, and noted Plaintiff's untimeliness throughout the administrative process. (Order, Green v. England, Civ. A. No. 05-5411, 2006 WL 891185, at *1 (E.D. Pa. Apr. 6, 2006).

3. In his three suits, Plaintiffs, as is his right, filed a total of 14 motions including nine motions dealing with appointment of counsel as well as motions to stay, reconsider, and grant an extension of time.

29 C.F.R. § 1614.105(a)(1).

This forty-five day period runs "when the Plaintiff knows or reasonably should know that the discriminatory act has occurred." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). Applying the "discovery rule," the Third Circuit noted that the accrual of a claim is governed by the "discovery rule," id. at 1386, and that a claim accrues upon "awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." Id. Awareness of an injury occurs when a plaintiff knew or should have known of the injury and that the injury had been caused by another party's conduct. See id. at 1386. In determining whether a party "should have known" of an injury, the discovery rule requires that the party exercise reasonable diligence in discovering the injury. Id. In Dixon v. Dalton, Plaintiff brought suit after not being reassigned as part of a reduction in force program that reassigned her co-workers. 985 F. Supp. 584, 585 (E.D. Pa. 1997). The Court held that the forty-five day time period for contacting a counselor began running when plaintiff learned that she had not been selected for a position. Id. at 586 (noting that plaintiff's awareness that she had not been reassigned constituted an injury and at that point the forty-five day clock began running under the "discovery rule.")

Plaintiff acknowledges that he learned that another person was selected for the position PHL-OC-04-2004 in December 2003. (Pl.'s Rep. Br. 2.) As a result, Defendant argues that December 24, 2003, is the "latest the forty-five day period could have run," and as a result Plaintiff was required to have obtained EEO counseling by February 9, 2004. (Def.'s Resp. Br. 4.) Plaintiff argues that December 2003 was not the appropriate date, as he learned of the hiring decision at that time "not from the Human Resources but from people talking-HEAR-SAY."

(Pl.'s Rep. Br. 2.)  Given this, Plaintiff asserts that "if a civilian federal employee would file a EEO complaint everytime hears from others something, then the EEO and the courts would be bombarded with 100s of claims."  (Id.)

Plaintiff's claim, while having a certain logic, is misplaced as to what actions he was required to take, as well as the evidence necessary before taking the required action.  The Regulations do not require that an aggrieved federal employee file an EEO complaint, but rather they are required to contact "a Counselor within 45 days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105(a).  Further, Plaintiff is mistaken as to the quantum of evidence required before speaking with an EEO counselor.  The Third Circuit in Discenza v. Hill, noted that it was a mistake to conclude that a plaintiff needed evidence sufficient to sustain a *prima facie* case of discrimination before consulting with an EEO Counselor.  221 Fed. Appx. 109, 111 (3d Cir. 2007).

Most importantly, this Court believes that ,consistent with the discovery rule, Plaintiff was aware that he had suffered an injury in December 2003.  Assuming *arguendo*, that Plaintiff was not aware of an injury in December 2003, he was definitely aware of his suffering an injury when colleagues, in January 20, 2004, told him that no African-Americans had applied for the position in question.  Yet, Plaintiff did not meet with an EEO Counselor until April 2, 2004, a total of seventy-one days after he had reason to believe that he had been a victim of discrimination.

    **B.**  **Plaintiff's Failure to Appeal the Department of Navy's Final Order**

The Department of Navy mailed Plaintiff its Final Order on March 2, 2006, stating that "for timeliness purposes, it will be presumed that this notice was received within five

calendar days after it was mailed." (Def.'s Resp. Br., Ex. 4, 6.) The Navy's Final Order stated "[y]ou may file a Notice of Appeal with the Equal Employment Opportunity Commission at any time up to (30) calendar days after receipt of this Final Order." (Id.) As a result, Plaintiff had until April 5, 2006, to file an Appeal, but did not do so until April 12, 2006.

Plaintiff was untimely both in contacting an EEO Counselor and in filing his appeal of the Navy's Final Order. This Court does not agree with Plaintiff's assertion that his "Formal Complaint of Discrimination" should be considered to have been timely filed on May 24, 2004. Even assuming *arguendo* that Plaintiff timely filed his Formal Complaint of Discrimination, his claim is still time barred given his failure to timely appeal the Navy's Final Order to the EEOC.

   **C.**  **Plaintiff's Due Process Claim is Barred by Sovereign Immunity**

     **1.**  **Due Process Claims Regarding the Naval Inventory Control Point Resume Posting System**

Plaintiff asserts in his Formal Complaint of Discrimination that he suffered from "lack of due process" and that the Navy is "trying to deny me due process!" (Pl.'s Compl., Ex. 1, ¶ 15.) Plaintiff provides no details about his due process claim. However, this claim must be dismissed due to this Court's lack of subject matter jurisdiction, as well as due to Defendant's assertion of sovereign immunity.

This Court agrees with the Government that if Plaintiff's due process claim is based on his problems with the electronic resume process then this Court lacks subject matter jurisdiction to hear the claim. Title VII provides the exclusive judicial remedy for federal employees claiming workplace discrimination. In Brown v. GSA, the Court concluded that the

remedies available to federal employees for racial discrimination under the Civil Rights Act were intended to be "exclusive" and "preemptive."  425 U.S. 820, 829 (1976).  The Court based this determination both on the legislative history and an examination of "the balance, completeness, and structural integrity" of both Section 717 of the Civil Rights Act of 1964 and Title VII.  Id. at 832.  The Third Circuit reached a similar conclusion, in Purtill v. Harris, when it examined an age discrimination suit brought by a Social Security Administration employee.  658 F.2d 134, 135 (3d Cir. 1981) (holding that the Age Discrimination in Employment Act preempts judicial remedies based directly on the Constitution for claims of age discrimination in federal employment).

As a result, Plaintiff does not have a cognizable due process claim regarding the electronic resume system used by his employer, and this claim must be dismissed for lack of subject matter jurisdiction.

### b. Due Process Claim Against Federal Defendant

The Navy's Final Order regarding Plaintiff's EEO Complaint stated that "if you file a lawsuit, you must sue the Secretary of Navy by name and title.  Presently, the proper defendant is, 'Donald C. Winter, Secretary of the Navy.'" (Def.'s Mot. to Dismiss, Ex. 4, p. 4.)  Plaintiff has named Donald Winter as a defendant, but has not specified whether he is sued individually or in his official capacity.  In either case, however, the suit cannot stand.

Defendants in "a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (*per curiam*) (a mere

"linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983). The personal involvement requirement may be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207.

Plaintiff does not assert that Defendant Winter had any sort of supervisory role over those who allegedly discriminated against him. In fact, Defendant Winter was not the Secretary of the Navy when the alleged discriminatory actions occurred. The alleged discrimination occurred in the 2003/2004 time frame. Secretary Winter took his oath as Secretary of the Navy on January 3, 2006, and prior to becoming Secretary he was employed in the private sector.[4] Accordingly, Defendant is clearly being sued in his official capacity.

Official capacity suits are, in essence, suits against the agency that the official represents. See Brandon v. Holt, 469 U.S. 464, 471 (1985); Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 690 (1978) (stating that official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent"). The United States, as sovereign, is immune unless it consents to suit. United States v. Sherwood, 312 U.S. 584 (1941); see also Library of Cong. v. Shaw, 478 U.S. 310, 315 (1986) ("As sovereign, the United States, in the absence of its consent, is immune from suit."). "Sovereign immunity is jurisdictional in nature . . . and the 'terms of [the United States] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " FDIC v. Meyer, 510 U.S. 471, 475 (1994).

---

4. Official Biography of the Honorable Donald C. Winter.
http://www.navy.mil/navydata/bios/navybio.asp?bioID=325 (last visited Dec. 12, 2008.)

Congressional authorization is required to waive sovereign immunity and permit suits against the United States, its agencies, or officials.  Id. at 475

The United States has not issued any waiver, and as a result Plaintiff fails to state a constitutional claim upon which relief can be granted.

## V.  CONCLUSION

For the reasons discussed previously, Defendant's motion to dismiss is granted in its entirety, and Plaintiff's Complaint is dismissed.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. GREEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  07-2640 |
| | : | |
| DR. DONALD C. WINTER, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 19th day of December, 2008, upon consideration of the Defendant's Motion to Dismiss (Doc. Nos. 11 & 12), Plaintiff's Motion for Reconsideration (Doc. No. 27), Defendant's Reply (Docket No. 30), and Plaintiff's Reply in Opposition (Doc. No. 31), it is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

**JUDGMENT IS ENTERED** in favor of Defendants Winter, and against Plaintiff David L. Green.  This case is **CLOSED.**

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.